1   Benjamin M. Lopatin, Esq.
2   Cal. Bar No.: 281730
    *lopatin@hwrlawoffice.com*
3   **THE LAW OFFICES OF**
    **HOWARD W. RUBINSTEIN, P.A.**
4   One Embarcadero Center, Suite 500
5   San Francisco, CA 94111
    (800) 436-6437
6   (415) 692-6607 (fax)

7   *Attorney for Plaintiff Michael Robles*
8   *and the Proposed Class*

9

10                  **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
11                  **SAN FRANCISCO DIVISION**

12  **MICHAEL ROBLES,** as an individual, and   :   Civil No.: 12        6503
    on behalf of all others similarly situated,  :
13                                               :
                                                 :   **CLASS ACTION COMPLAINT FOR:**
14                                               :
            *Plaintiff,*                         :   1. Violations of Cal. Bus. & Prof. C. §§ 17200,
15                                               :   *et seq.*
    *vs.*                                        :   2. Violations of Cal. Bus. & Prof. C. §§ 17500,
16                                               :   *et seq.*
                                                 :   3. Violations of Cal. Civ. C. §§ 1750, *et seq.*
17                                               :
    **VENTURA FOODS, LLC, D/B/A**                :
18  **MARIE'S,** a Delaware corporation,         :   *California Class Representation*
                                                 :
19          *Defendant.*                         :   *Jury Trial Requested*
                                                 :
20

21

22          Plaintiff, MICHAEL ROBLES, by and through his undersigned counsel, hereby files

23  this Class Action Complaint, individually, and on behalf of all others similarly situated—and

24  makes allegations based on information and belief and/or which are likely to have evidentiary

25  support after reasonable opportunity for further investigation and discovery—against Defendant,

26  VENTURA FOODS, LLC, D/B/A MARIE'S ("VENTURA FOODS" or "Defendant"), as

27

28  follows:

# I. INTRODUCTION

1. Defendant has erroneously represented on the material statements on the packaging and labeling of its salad dressings that they are "All Natural," when in fact, they are not, because they contain  Genetically Modified Organisms ("GMOs"), specifically in the form of corn, soy, corn variations, and/or soy variations.

2. Defendant misleadingly represents that its products are "All Natural," when in fact, they are not, because they contain GMOs, including but not limited to the following list, which Plaintiff reserves the right to amend or supplement upom further investigation and an opportunity to conduct discovery:

 a. All Natural Marie's Blue Cheese Vinaigrette;

 b. All Natural Marie's Blue Cheese with Bacon;

 c. All Natural Marie's Chunky Blue Cheese;

 d. All Natural Marie's Lite Chunky Blue Cheese;

 e. All Natural Marie's Premium Super Blue Cheese;

 f. All Natural Marie's Creamy Chipotle Ranch;

 g. All Natural Marie's Buttermilk Ranch;

 h. All Natural Marie's Creamy Ranch;

 i. All Natural Marie's Jalapeno Ranch;

 j. All Natural Marie's Lite Creamy Ranch;

 k. All Natural Marie's Parmesan Ranch;

 l. All Natural Marie's Caesar;

 m. All Natural Marie's Creamy Caesar;

 n. All Natural Marie's Balsamic Vinaigrette;

o. All Natural Marie's Greek Vinaigrette;

p. All Natural Marie's Italian Vinaigrette;

q. All Natural Marie's Raspberry Vinaigrette;

r. All Natural Marie's Red Wine Vinaigrette;

s. All Natural Marie's Cole Slaw;

t. All Natural Marie's Creamy Italian Garlic;

u. All Natural Marie's Thousand Island;

v. All Natural Marie's Caprese;

w. All Natural Marie's Chunky Feta Cheese;

x. All Natural Marie's Honey Dijon;

y. All Natural Marie's Honey Mustard;

z. All Natural Marie's Poppy Seed;

aa. All Natural Marie's Spinach Salad;

bb. All Natural Marie's Sesame Ginger; and

cc. All Natural Marie's Asiago Peppercorn

(the "Products").

3.      Contrary to Defendant's representations, however, the Products use plants or plant derivatives grown from GMOs, specifically in the form of corn soy, soy variations, and/or corn variations, among other ingredients, that are known to be derived from GMOs.

4.      GMOs are plants that grow from seeds in which DNA splicing has been used to place genes from another source into a plant.

5.      Plaintiff contends that products containing GMOs should not be labeled "All Natural" when they contain GMOs, and that Defendant's advertising and labeling is deceptive

and likely to mislead the public as a result.  Plaintiff would not have purchased the Products if he had known that the Defendant could not support their claim that the Products are "All Natural."

## II. VENUE AND JURISDICTION

6.      This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under 28 U.S.C. § 1332(d), which, under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

7.      Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

8.      As set forth below, Plaintiff is a citizen of California, and VENTURA FOODS can be considered a citizen of Delaware. Therefore, diversity of citizenship exists under CAFA, as required by 28 U.S.C. § 1332(d)(2)(A).

9.      Furthermore, Plaintiff alleges on information and belief that more than two-thirds of all of the members of the proposed Plaintiff Class in the aggregate are citizens of a state other than California, where this action is originally being filed, and that the total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

10.      Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and

1 Plaintiff purchased the subject product of this action in this judicial district. The "Declaration of
2 Benjamin M. Lopatin, Esq., Pursuant to Civil Code § 1780(c) of the Consumer Legal Remedies
3
4 Act, Civil Code §§ 1750 *et seq.*" regarding venue under the California Consumer Legal
5 Remedies Act ("CLRA") is submitted herewith and is incorporated herein by reference.

6                                   **III. PARTIES**

7    11.    Plaintiff, Michael Robles is an individual more than 18 years old, and is a citizen
8 of California, who resides in the city and County of San Francisco. He respectfully requests a
9
10 jury trial on damage claims. Plaintiff has purchased several of the Products, including a
11 purchase of Marie's All Natural Blue Cheese Vinaigrette, during September of 2012, from a
12 Safeway Supermarket located at 2020 Market Street, San Francisco, California 94114.

13    12.    In purchasing the Products, Plaintiff read and relied on the material labeling and
14 advertising for them displayed on the packaging, namely that they are "All Natural."  This
15
16 labeling was material to Plaintiff's decision to purchase the Products, as he would not have
17 purchased the Product had it not been labeled "All Natural," or if it had been properly disclosed
18 to contain GMOs in the Product's advertising.

19    13.    Plaintiff has been damaged by his purchase of the Products because the labeling
20 and advertising for them was and is false and/or misleading under California law; therefore, the
21
22 Products are worth less than what Plaintiff paid for them and Plaintiff did not receive what he
23 reasonably intended to receive—an "All Natural" product that doesn't contain GMOs.

24    14.    The labeling and advertising for the Products relied upon by Plaintiff was
25 prepared and/or approved by VENTURA FOODS and its agents, and was disseminated by
26
27 VENTURA FOODS and its agents through labeling and advertising containing the
28 misrepresentations alleged herein. The labeling and advertising for the Products was designed to

1  encourage consumers to purchase the Product and reasonably misled the reasonable consumer,
2  i.e. Plaintiff and the Class.

3
4  15.     VENTURA FOODS is a corporation organized and existing under the laws of
5  the state of Delaware.  VENTURA FOODS lists with the California Secretary of State a
6  principal place of business at 40 Pointe Drive, Brea, California 92821, and a registered agent for
7  service of process as: CT Corporation System, 818 W. Seventh Street, 2nd Floor, Los Angeles,
8  CA 90017. Directly and through its retailers, distributors, and agents, VENTURA FOODS has
9
10 substantial contacts with, and receives benefits and income from and through, the State of
11 California and various states throughout the State of California.

12 16.     VENTURA FOODS is the owner, manufacturer and distributor of the Products,
13 and is the company that created and/or authorized the false, misleading and deceptive labeling
14 and advertising for the Products.
15
16 17.     Plaintiff alleges that, at all times relevant herein, VENTURA FOODS and its
17 subsidiaries, affiliates, and other related entities, as well as their respective employees, were the
18 agents, servants and employees of VENTURA FOODS, and at all times relevant herein, each
19 was acting within the purpose and scope of that agency and employment.
20
21 18.     Plaintiff further alleges on information and belief that at all times relevant herein,
22 the distributors and retailers who delivered and sold the Product, as well as their respective
23 employees, also were VENTURA FOODS's agents, servants and employees, and at all times
24 herein, each was acting within the purpose and scope of that agency and employment.

25 19.     Additionally, Plaintiff alleges that, in committing the wrongful acts alleged
26 herein, VENTURA FOODS, in concert with its subsidiaries, affiliates, and/or other related
27
28 entities and their respective employees, planned, participated in and furthered a common

scheme to induce members of the public to purchase the Products by means of false, misleading, deceptive and fraudulent representations, and that VENTURA FOODS participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

20.     Whenever reference in this Complaint is made to any act by VENTURA FOODS or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of VENTURA FOODS committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of VENTURA FOODS while actively engaged in the scope of their duties.

## IV. FACTUAL ALLEGATIONS

21.     VENTURA FOODS manufacturers, distributes, markets, advertises, and sells the Products, which are mislabeled on their packaging, labeling, and through a variety of advertising as "All Natural."

22.     Specifically, Defendant mistakenly represents that the products identified in paragraph two (2), *supra*, are "All Natural," when in fact, they are not, because they contain GMOs in the form of corn, soy, soy derivatives, and/or corn derivatives:

23.     Plaintiff therefore brings this class action to secure, among other things, equitable relief and actual damages for the Class against VENTURA FOODS for false and misleading advertising in violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 *et seq.*; California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500 *et seq.*; and at this juncture, equitable relief only, pursuant California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*

24.     Plaintiff contends that Defendant's "All Natural" statement is a material misrepresentation because the Products contain GMOs. Plaintiff would not have purchased the Products had he known they are not "All Natural."

25.     Therefore, Plaintiff and members of the putative Class have been damaged by their purchase of the mislabeled Products.

## V. CLASS ACTION ALLEGATIONS

43.     Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

44.     Pursuant to Cal. Civ. Code §1781, Cal. Code of Civil Procedure §382 and Federal Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

> all California persons who have purchased All Natural Marie's Blue Cheese Vinaigrette; All Natural Marie's Blue Cheese with Bacon; All Natural Marie's Chunky Blue Cheese; All Natural Marie's Lite Chunky Blue Cheese; All Natural Marie's Premium Super Blue Cheese; All Natural Marie's Creamy Chipotle Ranch; All Natural Marie's Buttermilk Ranch; All Natural Marie's Creamy Ranch; All Natural Marie's Jalapeno Ranch; All Natural Marie's Lite Creamy Ranch; All Natural Marie's Parmesan Ranch; All Natural Marie's Caesar; All Natural Marie's Creamy Caesar; All Natural Marie's Balsamic Vinaigrette; All Natural Marie's Greek Vinaigrette; All Natural Marie's Italian Vinaigrette; All Natural Marie's Raspberry Vinaigrette; All Natural Marie's Red Wine Vinaigrette; All Natural Marie's Cole Slaw; All Natural Marie's Creamy Italian Garlic; All Natural Marie's Thousand Island; All Natural Marie's Caprese; All Natural Marie's Chunky Feta Cheese; All Natural Marie's Honey Dijon; All Natural Marie's Honey Mustard; All Natural Marie's Poppy Seed; All Natural Marie's Spinach Salad; All Natural Marie's Sesame Ginger; and All Natural Marie's Asiago Peppercorn (the "Products"), that contain soy or corn, for personal use during the period extending from the date Defendant first used

**the labeling representations on the Products, through and to December 19, 2012 (filing date of Complaint).**

45. Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

46. Defendant's practices and omissions were applied uniformly to all members of the Class, including any subclass arising out of the California statutory claims alleged herein, so that the questions of law and fact are common to all members of the Class and any subclass.

47. All members of the Class and any subclass were and are similarly affected by the deceptive labeling of the Product, and the relief sought herein is for the benefit of Plaintiff and members of the Class and any subclass.

48. Based on the annual sales of the Product and the popularity of the Product, it is apparent that the number of consumers in both the Class and any subclass is so large as to make joinder impractical, if not impossible.

49. Questions of law and fact common to the Plaintiff Class and any subclass exist that predominate over questions affecting only individual members, including, inter alia:

    a. Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product in the State of California were unfair,

deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. Code §§ 17200 *et seq*.;

b. Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product in the State of California were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. Code §§ 17500 *et seq*.;

c. Whether Defendant violated Cal. Civ. Code §§ 1750 *et seq*. with its practices and representations related to the marketing, labeling and sales of the Product within California; and

d. Whether Defendant's conduct as set forth above injured consumers and if so, the extent of the injury.

50.     The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class and any subclass, as the claims arise from the same course of conduct by Defendant, and the relief sought within the Class and any subclass is common to the members of each.

51.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass.

52.     Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

53.     Certification of this class action is appropriate under Cal. Civ. Code §1781, Cal. Code of Civil Procedure § 382 and Federal Rule of Civil Procedure 23 because the questions of law or fact common to the respective members of the Class and any subclass predominate over questions of law or fact affecting only individual members.

54.     This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims.

55.     Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Class or any subclass would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

56.     Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to both the Class and any subclass, thereby making appropriate the relief sought on behalf of the Class and any subclass as respective wholes.

57.     Further, given the large number of consumers of the Product, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

58.     A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

59.     The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

### VI. FIRST CAUSE OF ACTION:
### VIOLATIONS OF CAL. BUS & PROF. CODE §§ 17200 *ET SEQ.*

60.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

61. This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

26. Defendant has violated the Act by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers. Specifically, Defendant have represented that the Products are "All Natural," when they are not because they contain GMOs.

62. Plaintiff alleges that Defendant committed unfair business acts and/or practices, as set forth in detail above. The utility of Defendant's practices related to the deceptive labeling and advertising of the Product is negligible, if any, when weighed against the harm to the general public.

63. The harmful impact upon members of the general public who purchased and used the Product outweighs any reasons or justifications by Defendant for the deceptive labeling and advertising practices employed to sell the Products that misleadingly claim to be "All Natural."

64. Defendant had an improper motive (profit before accurate marketing) in its practices related to the deceptive labeling and advertising of the Products, as set forth above.

65. The use of such unfair business acts and practices was and is under the sole control of Defendant, and was deceptively hidden from members of the general public in Defendant's marketing, advertising and labeling of the Products.

66.     Defendant committed a deceptive act or practice by making the labeling and advertising representations set forth in detail above. These deceptive acts and practices had a capacity, tendency, and/or were likely to deceive or confuse reasonable consumers.

67.     Defendant also committed an unlawful business practice by violating the FAL and CLRA as set forth in detail below. These violations serve as predicate violations of this prong of the UCL.

68.     As a purchaser and consumer of Defendant's Products, and as a member of the general public who purchased and used the Product, Plaintiff is entitled to and does bring this class action seeking all available remedies under the UCL.

69.     Defendant's labeling and advertising practices, as set forth above, were intended to promote the sale of the Product and constitute unfair, deceptive and/or unlawful business practices within the meaning of California Bus. & Prof. Code §§ 17200 et seq.

70.     Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, on behalf of himself and members of the general public, seeks an order of this Court requiring Defendant to restore to Plaintiff and other California purchasers of the Products all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful business acts or practices, along with requiring Defendant to cease labeling the Products "All Natural" when they contain GMOs.

71.     Plaintiff and purchasers of the Products will be denied an effective and complete remedy in the absence of such an order.

72.     As a result of Defendant's violations of the UCL, Plaintiff and purchasers of the Products are entitled to restitution for out-of-pocket expenses and economic harm.

73. Pursuant to Civil Code § 3287(a), Plaintiff and purchasers of the Products are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.

74. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and purchasers of the Products are entitled to interest in an amount according to proof.

## VII. SECOND CAUSE OF ACTION:
## VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17500 *ET SEQ.*

75. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

27. In violation of California Bus. & Prof. Code §§ 17500, *et seq.*, Defendant disseminated, or caused to be disseminated, the deceptive Product labeling and advertising representations that misleadingly claim that the Products are "All Natural," when they are not, because they contain GMOs.

76. Defendant's product labeling and advertising representations are misleading because it cannot support its claim that the Products are "All Natural."

77. Defendant's labeling and advertising representations for the Product are by their very nature unfair, deceptive and/or unlawful within the meaning of California Bus. & Prof. Code § 17500 et seq. The representations were likely to deceive reasonable consumers.

78. In making and disseminating the deceptive representations alleged herein, Defendant knew or should have known that the representations were misleading, and acted in violation of California's Bus. & Prof. Code §§ 17500 et seq.

79.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and purchasers of the Products have suffered substantial monetary and non-monetary damage.

80.     Pursuant to Bus. & Prof. Code § 17535, Plaintiff, on behalf of himself and other purchasers of the Products, seeks an order of this Court requiring Defendant to restore to purchasers of the Products all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful acts or practices, along with requiring Defendant to cease labeling the Products "All Natural" when they contain GMOs.

81.     As a result of Defendant's violations of the FAL, Plaintiff and purchasers of the Products are entitled to restitution for out-of-pocket expenses and economic harm.

82.     Pursuant to Civil Code § 3287(a), Plaintiff and purchasers of the Products are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.

83.     The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and California purchasers of the Product are entitled to interest in an amount according to proof.

## VIII. THIRD CAUSE OF ACTION: FOR VIOLATIONS OF CAL. CIV. CODE §§ 1750 *ET SEQ.*

84.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

85.     This cause of action is brought pursuant to Cal. Civ. Code §§ 1750 *et seq.*

86.     Plaintiff and each California purchaser of the Products are "consumers" within the meaning of Civil Code § 1761(d).

87.     The purchases of the Products by Plaintiff and California purchasers of the Product were and are "transactions" within the meaning of Civil Code § 1761(e).

88.     Defendant has represented that the Products are "All Natural," when they are not, because they contain GMOs, which violated the CLRA in at least the following respects as set forth in detail above:

      a.  In violation of Civil Code § 1770(a)(5), VENTURA FOODS represented that the Products have characteristics, ingredients, uses, and benefits which they do not have; and

      b.  In violation of Civil Code § 1770(a)(7), VENTURA FOODS represented that the Products are of a particular standard, quality, or grade, which they are not;

      c.  In violation of Civil Code § 1770(a)(9), VENTURA FOODS advertised the Products with an intent not to sell the Products as advertised;

      d.  In violation of Civil Code § 1770(a)(14), VENTURA FOODS represented that the purchase of the Products confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

      e.  In violation of Civil Code § 1770(a)(16), VENTURA FOODS represented that the subject of the sale of the Products has been supplied in accordance with a previous representation when it has not.

89.     Plaintiff seeks and is entitled to equitable relief in the form of an order requiring Defendant to make full restitution to California purchasers of the Product of all monies

wrongfully obtained as a result of the conduct described above, along with requiring Defendant to cease labeling the Products "All Natural" when they contain GMOs.

90.    Plaintiff, by and through counsel, has notified Defendant in writing of the particular violations of Section 1770 of the CLRA, and has demanded that it take certain corrective actions within the period prescribed by the CLRA for such demands.

91.    However, Defendant failed to adequately respond to the demands for corrective action within the time prescribed by the CLRA.

92.    Therefore, Plaintiff requests statutory and actual damages, as well as punitive damages, interest and attorneys' fees as authorized by Section 1780(a) of the CLRA, along with this claim for injunctive relief.

93.    In addition to an award of damages, Plaintiff seeks and is entitled to, pursuant to Section 1780(a)(2) of the CLRA, an order for the equitable relief described above, as well as costs, attorney's fees and any other relief which the Court deems proper.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

1.    For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating his attorneys Class counsel.

2.    For an award of equitable relief as follows:

(a)    Enjoining Defendant from making any claims for the Products found to violate the UCL, FAL, or CLRA as set forth above; and

(b)    Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint.

3.      For an award of attorney's fees pursuant to, *inter alia*, § 1780(d) of the CLRA and Code of Civil Procedure § 1021.5.

4.      For actual damages in an amount to be determined at trial.

5.      For actual, statutory, and punitive damages as may be provided for by statute for violations of the CLRA because the demanded corrections not take place within the thirty (30) day notice period.

6.      For an award of costs and any other award the Court might deem appropriate;

7.      For pre- and post-judgment interest on any amounts awarded; and

8.      Providing such further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

**Respectfully Submitted,**

Dated: <u>December 19, 2012</u>        By: _____

Benjamin M. Lopatin, Esq.
Cal. Bar No.: 281730
*lopatin@hwrlawoffice.com*
**THE LAW OFFICES OF
HOWARD W. RUBINSTEIN, P.A.**
One Embarcadero Center, Suite 500
San Francisco, CA 94111
(800) 436-6437
(415) 692-6607 (fax)

*Attorney for Plaintiff Michael Robles
and the Proposed Class*